UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,   :
                                      :
                       Plaintiff,     :
                                      :
           - against -                :           11-1522
                                      :
KIM ANN DESKOVICK and BRIAN S. HAIG,  :
                                      :
                       Defendants.    :
-----------------------------------------------------------------------x

## FINAL CONSENT JUDGMENT
## AS TO DEFENDANT BRIAN S. HAIG

Plaintiff Securities and Exchange Commission ("Commission"), having commenced this action by filing a Complaint ("Complaint") charging defendant Brian S. Haig ("Haig") with violations of Section Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5]; and Haig, having accepted service of the summons issued to him and the Complaint, having admitted to the jurisdiction of this Court over him and over the subject matter of this action, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and, without admitting or denying the allegations contained in the Commission's Complaint (except as to jurisdiction, which is admitted), having executed the attached Consent of Defendant Brian S. Haig ("Consent") incorporated herein, and having consented to the entry of this Final Consent Judgment As To Defendant Brian S. Haig ("Final Judgment") without further notice:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Haig be, and hereby is, permanently enjoined and restrained from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5].

**II.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Haig is liable for disgorgement of $68,277, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $18,007.67, and a civil penalty in the amount of $34,138 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C § 78u(d)]. Haig shall satisfy this obligation by paying $120,422.67 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations

Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Haig as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Haig shall simultaneously transmit photocopies of such payment and letter to the George N. Stepaniuk, Assistant Regional Director, Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, NY 10281. Haig shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, pursuant to Federal Rule of Civil Procedure 65(d), this Final Judgment shall be binding on Haig, his agents, servants, employees, attorneys, and upon those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Haig shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there is no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is hereby ordered to enter this Final Judgment forthwith and without further notice.

## CONSENT OF
## DEFENDANT BRIAN S. HAIG

1.  Defendant Brian S. Haig ("Haig"), having accepted service of the summons issued to him and the complaint in this action, having read and understood the terms of the annexed Final Consent Judgment As To Defendant Brian S. Haig ("Final Judgment"), appears and admits the jurisdiction of this Court over him and over the subject matter of this action, waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without admitting or denying the allegations contained in the Complaint of Plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are admitted, hereby consents to the entry, without further notice, of the Final Judgment in the form annexed hereto and incorporated by reference herein.

2.  Haig agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Haig pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Haig further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Haig pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

3.  Haig agrees that this Consent of Defendant Brian S. Haig ("Consent") shall be incorporated by reference in and made part of the annexed Final Judgment with the same force and effect as if fully set forth therein.

4.  Haig waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.  Haig enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Haig to enter into this Consent.

6.  Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Haig in this civil proceeding. Haig acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Haig waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Haig further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Haig understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

7. Haig understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Haig agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Haig hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Haig breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Haig's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

8. Haig waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Haig to defend against this action. For these purposes, Haig agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

9. Haig will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Haig waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Haig of its

7

terms and conditions. Haig further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Haig has received and read a copy of the Final Judgment.

11.  Haig agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

12.  Haig agrees that the Commission may present the annexed Final Judgment to the Court for signature and entry without further notice.

_____
Brian S. Haig

STATE OF NEW JERSEY
COUNTY OF ESSEX  ) ss.:

On this 10th day of February, 2011, before me personally appeared Brian S. Haig, to me known to be the person who executed the foregoing Consent of Defendant Brian S. Haig.

_____
Notary Public
HARVEY R P Jr
Attorney at Law
Hyatt ? NJ

SO ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE
Date: 3/21/11