UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                                   Plaintiff,

                   - against -                     11-1522

KIM ANN DESKOVICK, et al.,

                                Defendants.
-----------------------------------------------------------------x

## FINAL CONSENT JUDGMENT
## AS TO DEFENDANT KIM ANN DESKOVICK

Plaintiff Securities and Exchange Commission ("Commission"), having commenced this action by filing a Complaint ("Complaint") charging Kim Ann Deskovick ("Deskovick") with violations of Section Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5]; and Deskovick, having accepted service of the summons issued to her and the Complaint, having admitted to the jurisdiction of this Court over her and over the subject matter of this action, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and, without admitting or denying the allegations contained in the Commission's Complaint (except as to jurisdiction, which is admitted), having executed the attached Consent of Defendant Kim Ann Deskovick ("Consent") incorporated herein, and having consented to the entry of this Final Consent Judgment As To Defendant Kim Ann Deskovick ("Final Judgment") without further notice:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Deskovick be, and hereby is, permanently enjoined and restrained from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

- A. employing any device, scheme, or artifice to defraud;

- B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

- C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Deskovick is prohibited, for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Deskovick shall pay a civil penalty in the amount of $68,277 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C § 78u(d)]. Deskovick shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Deskovick as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Deskovick shall simultaneously transmit photocopies of such payment and letter to the George N. Stepaniuk, Assistant Regional Director, Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, NY 10281. Deskovick shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, pursuant to Federal Rule of Civil Procedure 65(d), this Final Judgment shall be binding on Deskovick, her agents, servants, employees, attorneys, and upon those persons in active concert or participation with her who receive actual notice of this Final Judgment by personal service or otherwise.

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

### VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Deskovick shall comply with all of the undertakings and agreements set forth therein.

### VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there is no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is hereby ordered to enter this Final Judgment forthwith and without further notice.

## CONSENT OF
## DEFENDANT KIM ANN DESKOVICK

1.  Defendant Kim Ann Deskovick ("Deskovick"), having accepted service of the summons issued to her and the complaint in this action, having read and understood the terms of the annexed Final Consent Judgment As To Defendant Kim Ann Deskovick ("Final Judgment"), appears and admits the jurisdiction of this Court over her and over the subject matter of this action, waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without admitting or denying the allegations contained in the Complaint of Plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are admitted, hereby consents to the entry, without further notice, of the Final Judgment in the form annexed hereto and incorporated by reference herein.

2.  Deskovick agrees that she shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Deskovick pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Deskovick further agrees that she shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Deskovick pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

3.  Deskovick agrees that this Consent of Defendant Kim Ann Deskovick ("Consent") shall be incorporated by reference in and made part of the annexed Final Judgment with the same force and effect as if fully set forth therein.

5

4. Deskovick waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Deskovick enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Deskovick to enter into this Consent.

6. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Deskovick in this civil proceeding. Deskovick acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Deskovick waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Deskovick further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Deskovick understands that she shall not be permitted to contest the factual allegations of the complaint in this action.

7. Deskovick understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Deskovick agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Deskovick hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Deskovick breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Deskovick's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

8. Deskovick waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Deskovick to defend against this action. For these purposes, Deskovick agrees that she is not the prevailing party in this action since the parties have reached a good faith settlement.

9. Deskovick will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Deskovick waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Deskovick of its terms and conditions. Deskovick further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Deskovick has received and read a copy of the Final Judgment.

11. Deskovick agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

12. Deskovick agrees that the Commission may present the annexed Final Judgment to the Court for signature and entry without further notice.

_____
Kim Ann Deskovick

STATE OF NEW JERSEY
                                    ) ss.:
COUNTY OF Morris    )

On this 19 day of Feb, 2011, before me personally appeared Kim Ann Deskovick, to me known to be the person who executed the foregoing Consent of Defendant Kim Ann Deskovick.

_____
Notary Public

CYNTHIA RODGERS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 25, 2012

SO ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE
Date: 3/21/11

8